UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN HOME ASSURANCE
COMPANY A/S/O TWO RED ROSES
FOUNDATION,

        Plaintiff,

                              CASE NO.

  v.

ALL DIRECTIONS MOVING &
STORAGE, INC.,

        Defendant.

_____/

## **COMPLAINT**

Plaintiff, American Home Assurance Company, as subrogee of Two Red Roses Foundation, by its attorneys Robinson & Cole LLP, alleges, upon information and belief, for its Complaint as follows:

### **PARTIES, JURISDICTION AND VENUE**

1.     Plaintiff, American Home Assurance Company ("Plaintiff"), is a New York corporation with an office and place of business at 70 Pine Street, New York City, New York County, New York 10270-0093.

2.     Defendant All Directions Moving & Storage, Inc. ("Defendant"), is a corporation engaged in business as a common carrier of goods for hire and upon information and belief is incorporated under the laws of the State of Florida and has an

11308256-v2

office and place of business at 1705 Cattleman Road, No. 515, Sarasota, Sarasota County, Florida.

3. Defendant is at all times herein mentioned, and still is, a common carrier of goods for hire within the United States and derives substantial revenue from interstate commerce.

4. Two Red Roses Foundation ("Two Red Roses") is a non-profit educational institution which acquires, restores, and exhibits antiques and is located at 4190 Corporate Court, Palm Harbor, Florida 34683.

5. This is an action for the recovery of damages under the Carmack Amendment to the Interstate Commerce Act, as amended, 49 U.S.C. § 14706, for goods that were damaged in the course of transportation in interstate commerce by a motor common carrier. Jurisdiction is based on the Interstate Commerce Act, 49 U.S.C. § 10101, et seq. and 28 U.S.C. § 1337.

## FACTS

6. On or about March 17, 2011, Defendant picked up an antique inlaid desk in Florida for delivery to Mill River, Massachusetts.

7. Defendant picked up the desk in Florida in good order and condition.

8. On or about March 17, 2011, it was discovered that, while Defendant was transporting this shipment, the shipment was damaged.

9. As a result, Two Red Roses antique desk was damaged in the amount of $245,000.00.

10. Two Red Roses had in place a Fine Arts policy with Plaintiff. Two Red Roses submitted a claim for damage to the desk.

11. Plaintiff paid $245,000.00 to Two Red Roses for the damages, and is subrogated to their rights.

12. To date, the claim has not been paid by Defendant despite demands from Plaintiff.

### First Cause of Action
### (Carmack Amendment)

13. Plaintiff repeats and realleges paragraphs 1 through 12 as though fully set forth at length herein.

14. Defendant breached its contract with Two Red Roses, and under the Carmack Amendment is liable to Plaintiff for $245,000.00, plus interest.

**WHEREFORE,** Plaintiff demands judgment against Defendant for the sum of $245,000.00, together with interest and costs, and other such relief as this Court deems just and proper.

Dated:          October 18, 2011

|  |  |
|---|---|
|  | **PLAINTIFF,**<br>**AMERICAN HOME ASSURANCE**<br>**A/S/O TWO RED ROSES**<br>**FOUNDATION** |
| By: | /s/ *Christopher J. Kaiser*<br>Christopher J. Kaiser (FBN 0013000)<br>Robinson & Cole LLP<br>Palm Tower<br>1343 Main Street, Suite 400<br>Sarasota, Florida 34236-5635<br>Tele: 941.906.6850<br>Fax: 941.906.6851<br>ckaiser@rc.com |
| *Pending admission pro hac vice* | Gregory J. Ligelis<br>Robinson & Cole LLP<br>1055 Washington Blvd.<br>Stamford, CT 10305<br>Tele: 203.462.7500<br>Fax: 212.451.2999<br>gligelis@rc.com |